IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JORGE ANTONIO RAMIREZ,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SHG PUERTO RICO, INC. D/B/A HYATT PLACE MANATÍ; KOI IXS, LLC; KOI AMERICAS, LLC; KOI ARISE CORP.; AIG INSURANCE COMPANY; ABC ADVERTISING AGENCY; A, B & C CORPORATIONS, X, Y & Z INSURANCE COMPANIES; JOHN DOE; JANE DOE.**<br><br>**Defendants.** | Case No. 19-1505 (PAD) |

## SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays:

### I. INTRODUCTION

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§101 et seq. (the "Copyright Act").

2. Plaintiff is the registered owner of the copyrights to the original Photograph set forth on Exhibit A (the "Photograph – in – Suit").

### II. THE PARTIES

3. Plaintiff, Jorge Antonio Ramirez, is of legal age, single, a United States citizen and domiciled in Orlando, Florida, USA.

4. Co-Defendant, SHG PUERTO RICO, INC. ("Hyatt") is a company organized and existing under the Laws of Delaware, registered and authorized to do business in Puerto

1

Rico as a foreign company, which manages and operates the Hyatt Place Manatí. At all times relevant herein, Hyatt is the owner, has control and/or is the entity in charge of the website http://www.visitmanati.com.

5. Codefendant, **KOI IXS, LLC** is a limited liability company organized and existing under the Laws of Puerto Rico, having its principal place of business in the District of Puerto Rico. At all times relevant herein, Koi is the owner, has control and/or is the entity in charge of the website http://www.visitmanati.com and https://www.koiixs.com. Upon information and belief, Koi is the advertising agency in charge of promoting Hyatt, they have control and/or are the entities in charge of servicing the website http://www.visitmanati.com and https://www.koiixs.com.

6. Codefendant, **KOI AMERICAS, LLC** is a limited liability company organized and existing under the Laws of Puerto Rico, having its principal place of business in the District of Puerto Rico. At all times relevant herein, Koi is the owner, has control and/or is the entity in charge of the website http://www.visitmanati.com and https://www.koiixs.com. Upon information and belief, Koi is the advertising agency in charge of promoting Hyatt, they have control and/or are the entities in charge of servicing the website http://www.visitmanati.com and https://www.koiixs.com.

7. Codefendant, **KOI ARISE, CORP.** is a corporation organized and existing under the Laws of Puerto Rico, having its principal place of business in the District of Puerto Rico. At all times relevant herein, Koi is the owner, has control and/or is the entity in charge of the website http://www.visitmanati.com and https://www.koiixs.com. Upon information and belief, Koi is the advertising agency in charge of promoting Hyatt, they have control and/or are the entities in charge of servicing the website http://www.visitmanati.com and

https://www.koiixs.com. (herein after referred collectively to all KOI companies as "KOI").

8. **AIG INSURANCE COMPANY** ("AIG") is an insurance company organized and existing under the Laws of Puerto Rico, having its principal place of business in the District of Puerto Rico. At all relevant times herein, AIG had in full force and effect one or more insurance policies covering the legal liability of the Defendants for the acts and omissions alleged herein.

9. Upon information and belief, A, B & C Corporations ("ABC") are one or more companies organized and existing under the Laws of Puerto Rico, having its principal place of business in the District of Puerto Rico. At all relevant times herein, A, B & C are the owners, have control and/or are the entities in charge of servicing the website http://www.visitmanati.com and https://www.koiixs.com.

10. Upon information and belief X, Y & Z Insurance Companies ("XYZ") are one or more insurance companies organized and existing under the Laws of Puerto Rico, having its principal place of business in the District of Puerto Rico. At all relevant times herein, XYZ had in full force and effect at least one insurance policy(ies) covering the legal liability of defendants for the acts and omissions alleged herein.

11. John Doe & Jane Doe are fictitious names given to natural persons that upon information and belief were in charge of promoting Hyatt, have control and/or are the entities in charge of servicing the website http://www.visitmanati.com and https://www.koiixs.com.

### III. JURISDICTION & VENUE

12. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to:

a. This is a civil action seeking damages for copyright infringement under the *Copyright Act of the United States*, 17 U.S.C. § 101, *et seq.*

b. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question); 28 U.S.C. §1338 (patents, copyrights, trademarks and unfair competition); and *28 U.S.C. section 1332,* because this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

c. This Court has personal jurisdiction over Defendants because: (i) Defendants have caused injury to Plaintiff and his intellectual property in the Commonwealth of Puerto Rico and in this judicial district, and (ii) Defendants engaged in substantial and not isolated business activities in the jurisdiction.

d. This Court has also supplemental jurisdiction over Plaintiff's claim arising under state law under Act No. 55 of 2012, *Moral Rights Act of Puerto Rico,* 31 L.P.R.A. §§ 141i – 141ff, as those claims form part of the same case or controversy.

e. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 both because: (i) a substantial part of the events or omissions giving rise to the claim occurred in this district, and (ii) Defendants are subject to the Court's personal jurisdiction within this district.

### IV. **FACTUAL ALLEGATIONS**

13. Plaintiff is and remains a professional photographer and artist of great skill and acclaim, both in Puerto Rico and the Continental USA. Plaintiff skills in the matter command significant payment for the licensing of his work to be used by others.

14. Plaintiff is the author and copyright owner of a photographic work listed on Exhibit A (a true and correct copy of the Photograph is attached hereto as Exhibit A), collectively referred to as the "Photograph – in – Suit". True and correct copies of Plaintiff's Certificates of Copyright Registration for the Photograph – in – Suit are attached hereto as Exhibit B.

15. Pursuant to 17 U.S.C. §106, Plaintiff has the exclusive rights, among other things, to (a) reproduce the Photograph – in- Suit in copies, (b) prepare derivative works based on the Photograph – in – Suit, (c) distribute copies of the Photograph – in – Suit to the public, and (d) display the Photograph – in – Suit publicly.

16. On or about January of 2019, Plaintiff discovered that Defendants use the Photograph – in – Suit on at least two (2) Websites. See URL: http://www.visitmanati.com and https://www.koiixs.com. A screenshot of the Photograph – in – Suit on the Websites is attached hereto as Exhibit C.

17. On or about January of 2019, Plaintiff also discovered that Koi ran an advertising campaign for Hyatt where the Photograph – in – Suit was reproduced in print as an advertising brochure and distributed publicly. Attached hereto as Exhibit D.

18. On or about January of 2019, Plaintiff also discovered that Koi uses the Photograph – in – Suit to advertise their company in the website. See URL: https://www.koiixs.com.

19. Defendants did not license the Photograph – in – Suit from Plaintiff for its Website or other advertising, nor did Defendants have Plaintiff's permission or consent to publish the Photograph – in – Suit on its Website or any other advertising medium.

20. Defendants illegally reproduced and distributed the Photograph – in- Suit through digital mediums of communications and print with third parties.

21. Defendants were not licensed, authorized, or permitted to reproduce, distribute, display, or otherwise use the Photograph – in – Suit, and Plaintiff never consented to these infringing activities.

22. At all times relevant to this action, Defendants knew that they were not authorized to reproduce, print, modify, distribute, display, or otherwise use the Photograph – in – Suit.

23. Due to Defendants' infringing use of the Photograph – in – Suit, Plaintiff has suffered moral and monetary damages and losses.

24. Defendants have not compensated Plaintiff in any way for the distribution, reproduction, display, or other use of the Photograph – in – Suit.

## V.  MISCELLANEOUS

25. All conditions precedent to bringing this action have occurred or been waived.

26. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

## VI. FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

27. Plaintiff incorporates by reference each and every allegation contained in the Paragraphs above.

28. Defendants infringed Plaintiff's copyright in the Photograph – in – Suit by reproducing and publicly displaying the Photograph – in – Suit on the Website and other advertising mediums. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph – in – Suit.

29. The acts of Defendants constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

30. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in complete disregard of and indifference to Plaintiff's rights.

31. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## VII.   SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
### (17 U.S.C. § 1202)

32. Plaintiff incorporates by reference each and every allegation contained in the Paragraphs above.

33. Upon information and belief, Defendants intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph – in – Suit.

34. The conduct of Defendant's violates 17 U.S.C. § 1202(b).

35. Upon information and belief, Defendants falsification, removal and/or alteration of the copyright management information was made without the knowledge or consent of Plaintiff.

36. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal the infringement of Plaintiff's copyright in the Photograph. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal the infringement of Plaintiff's copyright in the Photograph – in – Suit.

37. As a result of the wrongful conduct of Defendants, as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

38. Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c) (3) and for each violation of 17 U.S.C. § 1202.

## VIII.  SECOND CLAIM FOR RELIEF
### ACT NO. 55 OF 2012, MORAL RIGHTS ACT OF PUERTO RICO
### (31 L.P.R.A. § 1401i – 1401ff)

39. Plaintiff incorporates by reference each and every allegation contained in the Paragraphs above.

40. Act No. 55 of 2012, the *Moral Rights Act of Puerto Rico*, prohibits the violation of an author's moral rights over a protected work produced through intelligence and creative in nature of the author that is expressed in a tangible way.

41. As author of the Photograph – in – Suit", Plaintiff has an exclusive right over his work that exists by virtue of the very personal relationship between him and his work.

42. Defendants reproduced a copy of the Photograph – in – Suit and used them for their own financial benefit for their commercial activities.

43. Defendants have unjustly enriched themselves by obtaining profits in their business activities, taking advantage of Plaintiff's work or art, even though mutilated, depriving Plaintiff of his recognition for his original work.

44. All of this was carried out without prior notification to Plaintiff and without his consent.

45. As a moral right, Plaintiff has the right of attribution; to be recognized as the author, whenever that is the case, as well as to prevent the attribution thereto of works that are not his.

46. Plaintiff has also the right to prevent the mutilation, deformation, or alteration of the work so that it undermines the legitimate interests or reputation of him as the author.

47. Plaintiff has the right to prevent the public presentation or distribution of a mutilated, deformed, or altered work that can undermine the legitimate interests or reputation of him as the author.

48. Section 1401(s) of Act No. 55 of 2012, states that the violation of moral rights empowers the author to seek permanent injunction to assert his rights, redress for damages, and financial compensation.

49. As a direct and proximate result of Defendant's infringement, Plaintiff is entitled to his actual damages and any other relief allowed under Act No. 55 of 2012. The damages

caused by the violation of the moral rights of Plaintiff for the unauthorized use, reproduction, non-attribution and mutilation of the Photograph – in – Suit are valued in a sum not less than $200,000.

50. Plaintiff reserves the right to claim an award for statutory damages in lieu of compensation if it deems it necessary.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Permanently enjoin Defendants from continuing to infringe Plaintiff's exclusive rights under copyright;

b. Order that Defendants remove from all websites the Photograph – in – Suit and destroy all copies of Plaintiff's copyrighted works made in violation of Plaintiff's exclusive rights that are in Defendants' possession, custody, or control;

c. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

d. Award Plaintiff the actual damages suffered as a result of the infringements and Defendants' profits that are attributable to the infringements, pursuant to 17 U.S.C. § 504(b), or for those infringements occurring after a respective work was registered for copyright protection with the United States Copyright Office, statutory damages in the amount of $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c), at Plaintiff's election, pursuant to 17 U.S.C. § 504(a);

e. Award Plaintiff the actual damages suffered as a result of Defendant's violations of 17 U.S.C. § 1202 and Defendant's profits that are attributable to such violations, pursuant to 17 U.S.C. § 1203(c)(2), statutory damages in the amount of $25,000 per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B), at Plaintiff's election, pursuant to 17 U.S.C. § 1203(c)(1);

f. Award Plaintiff the damages caused by Defendants violation to the moral rights of Plaintiff for the unauthorized use and reproduction of the Photograph – in – Suit pursuant to Act No. 55 of 2012.

g. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

h. That Plaintiff be awarded the costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

i. That Plaintiff be awarded punitive damages for copyright infringement;

j. That Plaintiff be awarded pre-judgment interest; and such other and further relief as the Court may deem just and proper.

## X.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27 of June 2019.

**RIVERA-ASPINALL, GARRIGA
& FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506
Email: aspinall@ragflaw.com

**JENKS CARBALLEIRA LAW OFFICE**
Attorney for Plaintiff
PMB 565
1353 Luís Vigoreaux Ave.
Guaynabo, PR 00966
Tel. (787)439-3980
**S/Eduardo R. Jenks**
Eduardo R. Jenks
USDC PR# 300110
Email: edjenks@yahoo.com